# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:10-CV-149-M

EDWARD H. FLINT                                                PLAINTIFF

V.

JUDGE A.C. MCKAY CHAUVIN                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Judge A.C. McKay Chauvin's motion to dismiss Plaintiff Edward Flint's complaint [DN 5] and for sanctions pursuant to Fed. R. Civ. P. 11 in the form of attorney's fees and an order requiring judicial review of any new filings by the Plaintiff prior to a responsive pleading being required by the state. [DN 7]. Fully briefed, the matter is ripe for decision.

This is Flint's fifth lawsuit in the last two years filed in the United States District Court for the Western District of Kentucky against a Jefferson County judge. Every one of the federal suits is related to rulings in two state court lawsuits Flint brought against his condominium association. In this case, Plaintiff seeks an award of "compensatory and punitive damages" as well as an order that Judge Chauvin "resign[] at once" from the bench "for actions committed by Defendant in case NO. 09-CI-010478 as judge in Jefferson County Circuit Court," including "failing to perform his duty required by the Kentucky Justice System, the Kentucky Supreme Court Rules and laws of the state of Kentucky"; "den[ying] Plaintiff his judicial rights and discriminat[ing] against him"; and "harm[ing] him when

1

Defendant did not correctly abide by the Civil Rules of the Kentucky Court System and the laws of the state of Kentucky." (Complaint, pp. 1-3). Judge Chauvin argues that the case should be dismissed because Flint's complaint fails to state a claim for which relief can be granted, is barred by sovereign immunity, and is barred by judicial immunity.

The Court agrees that judicial immunity bars the claim. "A judge is immune, under Kentucky law, from personal liability for those acts undertaken while that judge has jurisdiction over a case. Even when jurisdiction is contrary to law, judicial immunity still applies." City of Louisville v. Bergel, 610 S.W.2d 292, 293 (Ky. 1980). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); see also Baker v. Fletcher, 204 S.W.3d 589, 595 (Ky. 2006). Because Flint's claim in this case is based on Judge Chauvin's rulings in the state court proceeding, and because there is no allegation of any facts suggesting that Judge Chauvin acted in clear absence of all jurisdiction, Defendant's motion to dismiss is **GRANTED**.

Defendant also requests sanctions in the form of attorney's fees and an order requiring pre-responsive-pleading judicial review of Plaintiff's future filings because "[t]his is the fifth suit against judges presiding over cases involving Mr. Flint . . . [and] enough is enough." (Defendant's Motion for Sanctions, p. 2). The Court agrees that enough is enough. However, as Judge Simpson recently noted in Flint v. Edwards, No. 3:09-cv-00956-CRS, *2 (W.D. Ky. May 4, 2010), an award of attorney's fees for defendants like Judge Chauvin

would be an odd fit because they are represented by the Kentucky Attorney General's office and therefore have no attorney's fees. The Court also does not believe that an order requiring pre-screening of Plaintiff's future filings is warranted because what makes Flint's claims frivolous – the failure to plead anything that might overcome judicial immunity – also makes the responsive burden on the state very slight. Accordingly, Defendant's motion for sanctions is **DENIED**. Plaintiff's cross-motion for sanctions [DN 9] is meritless and likewise **DENIED**. A Judgment will be entered consistent with this Opinion.

cc. Counsel of Record